**Hiwot NEMARIAM, et al., Appellants,**

v.

**THE FEDERAL DEMOCRATIC RE-PUBLIC OF ETHIOPIA and The Commercial Bank of Ethiopia, Appellees.**

**No. 01–7142.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 18, 2002.

Decided Jan. 24, 2003.

Donald Francis Donovan argued the cause for appellants. With him on the briefs was Katherine Birmingham Wilmore.

W. DeVier Pierson argued the cause for appellees. With him on the brief was Knox Bemis.

Before: GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

Opinion for the Court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

Hiwot Nemariam and others appeal the district court's dismissal of their suit against Ethiopia seeking recovery for property damage they suffered during the border war between Ethiopia and Eritrea. The district court determined that the Ethiopia/Eritrea Claims Commission was a more appropriate forum for the plaintiffs' claims, and dismissed their case on the ground of *forum non conveniens*. We reverse the judgment of the district court because the Commission does not offer the plaintiffs an adequate remedy.

## I. Background

In May 1998 a long-standing border dispute between Eritrea and Ethiopia erupted into a general armed conflict. Nemariam, who was living in Ethiopia at that time, claims that shortly thereafter the government of Ethiopia began expelling

persons who, like her, were Ethiopian citizens of Eritrean descent, and confiscating any property they left behind. To take but one example, Nemariam claims that her account at the Commercial Bank of Ethiopia (CBE), an agency or instrumentality of the government, was effectively expropriated when she was expelled from the country because Ethiopian banking regulations permit withdrawal of funds only when an account holder presents a passbook in person at the bank.

In December 2000 Ethiopia and Eritrea signed a Peace Agreement, which formally ended the conflict. It also created the Ethiopia/Eritrea Claims Commission:

> The mandate of the Commission is to decide through binding arbitration all claims for loss, damage or injury by one Government against the other, and by nationals (including both natural and juridical persons) of one party against the Government of the other party or entities owned and controlled by the other party that are (a) related to the conflict that was the subject of the Framework Agreement, the Modalities for its Implementation and the Cessation of Hostilities Agreement, and (b) result from violations of international humanitarian law, including the 1949 Geneva Conventions, or other violations of international law.

Art. 5, ¶ 1. The decisions of the Commission are made by a panel of five arbitrators, two chosen by each country and one chosen by the other four. Art. 5, ¶ 2. The Commission, which is based in the Hague, "may hold hearings or conduct investigations in the territory of either party, or at such other location as it deems expedient." Art. 5, ¶ 3.

Ethiopia and Eritrea are the only two parties permitted to appear before the Commission, but they may bring claims "on behalf of [their] nationals, including both natural and juridical persons." Art.

5, ¶ 8. Eritrea or Ethiopia may also "file claims on behalf of persons of Ethiopian or Eritrean origin who may not be its nationals." Art. 5, ¶ 9. The Agreement vested in the Commission exclusive jurisdiction over all claims arising from the conflict "[e]xcept for claims submitted to another mutually agreed settlement mechanism in accordance with paragraph 16 or filed in another forum prior to the effective date of this Agreement." Art. 5, ¶ 8. Therefore, any claim not filed in another forum prior to December 12, 2000, the effective date of the Agreement, could be filed only with the Commission. Paragraph 16 of Article 5 allows Eritrea and Ethiopia to "agree at any time to settle outstanding claims, individually or by categories, through direct negotiation or by reference to another mutually agreed settlement mechanism."

In June 2000 Nemariam filed a two-count complaint against Ethiopia and the CBE in the District Court for the District of Columbia, asserting that Ethiopia's actions amounted to a taking of her property in violation of international law. Nemariam invoked the jurisdiction of the court under the international takings provision of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(3).

Ethiopia moved to dismiss the case on the ground that the district court was a *forum non conveniens*, pursuant to the four-step test we outlined in *Pain v. United Technologies Corp.*:

> As a prerequisite, the court must establish whether an adequate forum exists which possesses jurisdiction over the whole case. Next, the trial judge must consider all relevant factors of *private* interest, weighing in the balance a strong presumption against disturbing plaintiff's initial forum choice. If the trial judge finds this balance of private interests to be in equipoise or near equipoise, he must then determine whether

or not factors of *public* interest tip the balance in favor of a trial in a foreign forum. If he decides that the balance favors such a foreign forum, the trial judge must finally ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice.

637 F.2d 775, 784–85 (D.C.Cir.1980) (emphases in original); *but see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981) (overruling the third part of the *Pain* test by stating that dismissal is appropriate if the plaintiff's "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems").

The district court granted the motion. The court first determined that the Commission was an adequate alternative forum; it had five distinguished arbitrators, all well versed in international law, and it was authorized to hold hearings and to resolve claims. Although Nemariam could not bring a claim herself, the district court found that Eritrea could bring a claim on her behalf, that the Commission had jurisdiction to hear that claim, and that Eritrea "has no incentive not to espouse as many meritorious claims as possible before the Commission."

The district court rejected Nemariam's argument that the remedy provided by the Commission was inadequate because Eritrea and Ethiopia might negotiate a set-off of each other's claims, thereby denying her an award even if she had a meritorious claim. The district court stated, "nothing in the record ... suggest[s] that the Commission contemplates a 'set off' remedy;" and "even if compensation under the Claims Commission proves different than it might be in a U.S. court, this is not a case where the 'remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all.' " (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981)). Next, the court found the private and public interest factors heavily favored the Commission. Finally, the court dismissed the case without prejudice and provided that "the case is subject to reinstatement for good cause shown if named plaintiffs' claims are not submitted to the Claims Commission by the government of Eritrea despite affirmative, timely request therefore [sic] by plaintiffs."

In the time since the district court dismissed the case, the Commission has implemented procedures and begun the adjudication of claims submitted to it. Eritrea's submissions cover the claims made by Nemariam and the other plaintiffs in this suit. And the Commission has ordered the filing of evidence for those claims and has scheduled a 13–day hearing to begin on June 16, 2003.

## II. Analysis

On appeal Nemariam first argues that the Commission is an inadequate forum because, even if her claim is valid, she has no personal right to a remedy from the Commission. Second, Nemariam argues that the Commission is an inadequate forum because she may not file a claim before the Commission and she has no control over any claim Eritrea may file on her behalf. Third, Nemariam contends that the district court misapplied the private and public interest factors. Finally, Nemariam argues that Ethiopia waived its right to seek dismissal on the basis of *forum non conveniens* when it agreed that "the Commission shall be the sole forum for adjudicating claims" "except for ... claims filed in another forum prior to the effective date of this [Peace] Agreement." Art. 5, ¶ 8.

■ We review the district court's order dismissing the case for a "clear abuse of

discretion." *Piper*, 454 U.S. at 257, 102 S.Ct. at 266. Because we agree with Nemariam's first point, we do not reach her other arguments.

■ Because Nemariam lacks a personal right to a remedy from the Commission, she argues that any "remedy provided by the [Commission to Eritrea with respect to her claim] is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper*, 454 U.S. at 254, 102 S.Ct. at 265. We think that the Commission's inability to make an award directly to Nemariam, and the possibility that Eritrea could set off Nemariam's claims or even an award in her favor against claims made by or an award in favor of Ethiopia, render the Commission an inadequate forum.

First, it appears, as Nemariam says, the Commission cannot award any relief directly to her. Nothing in the Peace Agreement authorizes the Commission to make an award to anybody other than Eritrea or Ethiopia, the parties before the Commission. Although it is true that Article 5, ¶ 9 allows Eritrea to bring a claim "on behalf of persons [like the plaintiffs] of ... Eritrean origin who may not be its nationals," Eritrea would presumably control the disposition of any resulting award.

Second, it appears Eritrea may set off Nemariam's claim or an award in her favor against any claims or awards that Ethiopia may have against Eritrea. Under international law, Eritrea is the master of its own claim before the Commission and may keep or barter any remedy awarded by the Commission. *See Restatement (Third) of the Foreign Relations Law of the United States* § 902, cmt. I (1987) ("The state may determine what international remedies to pursue, may abandon the claim, or settle it"). It is irrelevant whether the Commission currently contemplates that any awards to the respective governments will be set off by them against each other.

What matters is that Eritrea and Ethiopia have that option. In fact, Eritrea and Ethiopia may bypass the Commission entirely in resolving their claims. *See* Agreement, Art. 5, ¶ 16 ("The parties may agree at any time to settle outstanding claims, individually or by categories, through direct negotiation or by reference to another mutually agreed settlement mechanism"). Unless Ethiopia can negate these possibilities, we think they render the Commission an inadequate alternative to the district court.

Ethiopia's response is two-fold. First, it points out that Eritrea has stated before the Commission that it intends to give directly to the claimant any award made to it for a taking of private property. Ethiopia does not deny that the Commission cannot require Eritrea to pass through to Nemariam any award it may receive with respect to the claim it has filed on her behalf. Rather, Ethiopia claims that Eritrea intends voluntarily to distribute awards to individual claimants.

Eritrea has indeed indicated in a memorandum to the Commission that "Eritrea believes that, as a general matter, awards should be given directly to claimants.... Financial compensation for large amounts of property damage should also be given directly to the individual victims." By invoking those statements, however, Ethiopia is asking Nemariam and this court to rely upon the goodwill of Eritrea, not upon the power of the Commission to enforce its judgments. In this vein, we note that Eritrea has also recognized the possibility — albeit in circumstances apparently different from those alleged in the present case — that an individual with a meritorious claim might not receive any compensation: In the same memorandum, Eritrea informed the Commission that "the practical difficulties of individual distribution might outweigh the desirability of individualized compensation." Therefore, Ethiopia

is unable to substantiate its claim that Nemariam will receive a remedy if Eritrea succeeds in prosecuting her claim· before the Commission.

■ Second, Ethiopia argues that we should follow *Gonzalez v. Chrysler Corp.*, 301 F.3d 377 (2002), in which the Fifth Circuit affirmed the dismissal of a case on the ground of *forum non conveniens* even though it was unlikely the plaintiff would receive in the alternative forum — namely, a Mexican court — a remedy adequate by United States standards. In *Gonzalez* the law of the alternative forum did provide a remedy, but it capped the potential recovery at a modest $2500, and the plaintiff alleged he would not bring the suit in Mexico because the costs of doing so would outweigh the potential recovery. In this case, however, Ethiopia cannot assure Nemariam of recovering any award at all, even if the Commission upholds her claim in full. While a more limited recovery than is available in the plaintiff's forum of choice does not automatically make the alternative forum inadequate, we fail to see how an alternative forum in which the plaintiff can recover nothing for a valid claim may also be deemed adequate. In other words, it would be peculiar indeed to dismiss Nemariam's claim in the United States District Court — a forum in which, assuming the court has jurisdiction, she is certain to be awarded full relief if she wins on the merits of her claim — in favor of a forum in which she has no certainty of getting any relief for a meritorious claim.

We conclude that the Commission's inability to make an award directly to Nemariam, and Eritrea's ability to set off Nemariam's claim, or an award to Eritrea based upon her claim, against claims made by or an award in favor of Ethiopia, render the Commission an inadequate forum; the "remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper*, 454 U.S. at 254, 102 S.Ct. at 265. In so saying, we recognize that the decision is a close one, particularly in the light of our limited standard of review and the district court's observation, with which we agree, that there is nothing in the record to suggest the plaintiffs' awards will be set off against debts owed by Eritrea to Ethiopia. Neither, however, is there any legal barrier to such a set off.

### III. Conclusion

Because we conclude that the district court abused its discretion in determining that the Commission was an adequate alternative forum we do not reach Nemariam's other arguments. For the foregoing reasons, the judgment of the district court dismissing this case on the ground of *forum non conveniens* is

*Reversed.*