[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12237

Non-Argument Calendar

_____

JTC SKYWAVE INVESTMENTS LTD,
HARALD MCPIKE,

Plaintiffs-Appellants,

*versus*

ANDREW N. MART,
DEANNA BOIES,
LUMINESCENCE LLC,
LUMINESCENCE LLC,
LUMINASTRA LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:24-cv-80499-RLR

—————————————

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

JTC Skywave Investments Ltd. and Harald McPike (collectively "plaintiffs") appeal from the district court's order dismissing their complaint under the doctrine of *forum non conveniens*. The record, however, supports the district court's determination that either the Bahamas or Nevis are better fora for this case. Accordingly, after careful review, we affirm.

## I.       Background

Plaintiffs originally filed this case in Florida state court. According to plaintiffs' complaint,[1] McPike is the "ultimate beneficial owner" of JTC Skywave Investments Ltd. ("JTC"). JTC is a British Virgin Islands corporation, and McPike is a citizen of Austria domiciled in the Bahamas. Thus, this case involves foreign plaintiffs.

---

[1] "In reviewing a motion to dismiss for *forum non conveniens*, we accept as true the factual allegations in the complaint to the extent they are uncontroverted by affidavits or other evidence, or have not been challenged in the context of an evidentiary hearing." *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1336 (11th Cir. 2020).

24-12237               Opinion of the Court               3

Plaintiffs owned 48% of Luminastra Ltd., a Nevis-based entity. In 2019, defendant Andrew Mart, who was Luminastra Ltd.'s majority owner and a resident (at the time) of the Bahamas,[2] proposed that plaintiffs increase their ownership share of Luminastra Ltd. from 48% to 56%. Plaintiffs and Luminastra Ltd. memorialized plaintiffs' increased investment in Luminastra Ltd. in a September 27, 2019 agreement, the "Call Option Agreement." Defendant Deanna Boies, a citizen of Illinois, signed the Call Option Agreement as Manager of Luminastra Ltd. JTC ultimately paid $12 million to increase its equity share of Luminastra Ltd. to 56%. McPike also transferred $2,392,800 to Luminastra LLC at Mart's direction.

In 2022, plaintiffs' representatives began asking Mart for more information about their investment, the status of Luminastra Ltd.'s subsidiaries, and to provide documents showing plaintiffs' ownership interest in Luminastra Ltd. Plaintiffs alleged, however, that the information Mart provided them about their investment was fabricated and false. For example, plaintiffs alleged that Mart and Boies misrepresented the subsidiaries that Luminastra Ltd. owned, and that Mart and Boies diverted plaintiffs' investment funds away from Luminastra Ltd. to American entities controlled by Mart and Boies. Ultimately, plaintiffs alleged defendants fraudulently diverted more than $10 million of plaintiffs' funds

---

[2] Mart has since moved to California.

without delivering shares evidencing plaintiffs' increased equity share of Luminastra Ltd.

Accordingly, plaintiffs brought this suit in 2024. Plaintiffs brought claims against Mart, Boies, Luminescence LLC, and Luminastra LLC (collectively "defendants"), alleging fraud, fraudulent inducement, and civil conspiracy. Defendants removed the action to federal court. Defendants then moved to dismiss plaintiffs' complaint for *forum non conveniens*, lack of personal jurisdiction, and for failure to state a claim. The district court granted defendants' motion on the basis of *forum non conveniens*, concluding that the Bahamas and Nevis were adequate and available fora and that the private and public interest factors weighed in favor of dismissal.[3] Plaintiffs timely appealed.

## II.    Discussion

On appeal, plaintiffs argue that the district court abused its discretion by dismissing their complaint under the doctrine of *forum non conveniens*. Specifically, plaintiffs contend that the district court erred by concluding that the private and public interests in

---

[3] The district court did "not reach Defendant[s'] arguments as to personal jurisdiction and failure to state a claim." Because we affirm the district court's judgment on *forum non conveniens* grounds, we also do not reach defendants' alternative arguments on appeal that we should affirm for lack of personal jurisdiction and failure to state a claim for relief.

this case weighed in favor of dismissing this case to be litigated in the Bahamas or Nevis. We agree with the district court.

"Under the doctrine of *forum non conveniens*, a district court may decline to exercise its jurisdiction when a foreign forum is better suited to adjudicate the dispute." *Fresh Results, LLC v. ASF Holland, B.V.*, 921 F.3d 1043, 1048 (11th Cir. 2019). But plaintiffs' "forum choice should rarely be disturbed." *Otto Candies, LLC*, 963 F.3d at 1338 (quotation omitted). Accordingly, "a *forum non conveniens* dismissal is subject to three conditions." *Id.* First, there must be "an adequate and available alternative forum." *Id.* Second, "the balance of the relative private and public interests must weigh in favor of dismissal." *Id.* "Private interests include the parties' relative ease of access to sources of proof, access to witnesses, ability to compel testimony, . . . and the enforceability of a judgment." *Id.* Private interests also include a presumption in favor of a foreign plaintiff's forum choice, "albeit a presumption that applies with less force" than if the plaintiff were domestic. *Id.* at 1339. "Public interests include a sovereign's interests in deciding the dispute, . . . and the need to apply foreign law." *Id.* at 1338. And third, "the plaintiffs must be able to reinstate their suit in the alternative forum without undue inconvenience or delay." *Id.* The "defendant has the burden of persuasion as to all elements of a *forum non conveniens* motion." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

"Because 'the *forum non conveniens* determination is committed to the sound discretion of the trial court,' we review for

6                    Opinion of the Court              24-12237

abuse of discretion." *Fresh Results*, 921 F.3d at 1048 (alteration adopted) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)). A district court "abuses its discretion when it fails to balance the relevant factors" or "does not weigh the relative advantages of the respective forums but considers only the disadvantages of one." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004) (quotation omitted). But "where the [district] court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co.*, 454 U.S. at 257; *see Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011).

On appeal, plaintiffs do not challenge the district court's conclusion that the Bahamas and Nevis are adequate and available alternative fora, so we do not address that condition further. *See Otto Candies, LLC*, 963 F.3d at 1338 n.1. Instead, plaintiffs argue that the district court erred by finding that the private and public interests weigh in favor of dismissal.[4] Accordingly, we turn to the district court's weighing of the private and public interests.

_____

[4] The district court did not explicitly decide whether plaintiffs would be inconvenienced or prejudiced by reinstating the action in the Bahamas or Nevis. Plaintiffs, however, do not raise this omission on appeal and did not argue below that they would face any undue burden or prejudice by having to reinstate the suit in one of the alternative fora. We are satisfied that, in their declarations, Mart and Boies have consented to jurisdiction and provided sufficient related stipulations to remove any impediment to reinstatement of this case in the Bahamas or Nevis. *See Tazoe*, 631 F.3d at 1335 (finding a stipulation satisfactory where the defendants stipulated that they would

24-12237                Opinion of the Court                7

*A.      The district court did not err by finding that the private interests weigh in favor of dismissal*

"A correct 'private interest' analysis begins with the elements of the plaintiff's causes of action." *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003). "The court must then consider the necessary evidence required to prove and disprove each element." *Id.* "Perhaps the most important 'private interest' of the litigants is access to evidence." *Id.* "Lastly, the court should make a reasoned assessment as to the likely location of such proof." *Id.* And when, as here, plaintiffs are foreign, "the defendant's burden to demonstrate private inconvenience [is] not particularly heavy." *Otto Candies, LLC*, 963 F.3d at 1346. A defendant meets its burden by offering affidavits attesting "to the defendant's witnesses and their testimony on certain topics, albeit in broad strokes," such as offering "general categories of witnesses . . . as well as some expected topics of testimony." *Id.* at 1347. And when reviewing the evidence, "[o]ur analysis must contemplate more than the [plaintiffs'] theories of liability; we must also consider the [defendants'] theories" of the case. *Tazoe*, 631 F.3d at 1332.

The district court properly recognized that evidence for plaintiffs' claims, including fraud and conspiracy, "includes: (1) communications by the parties; (2) financial information; and

---

(1) consent to Brazilian service of process and jurisdiction, (2) toll the applicable statute of limitations, (3) make available any relevant witnesses and documents under their control, and (4) respect any final, post-appeal judgment).

(3) testimony of witnesses." *See, e.g.*, *Otto Candies, LLC*, 963 F.3d at 1348–51 (discussing evidence for fraud and conspiracy claims). The district court noted that "electronic discovery makes the physical location of documents and other types of proof virtually irrelevant." Defendants, however, submitted an affidavit listing 23 specific witnesses who have knowledge relevant to this case and do not reside in the United States—13 reside in the Bahamas and 10 reside in Nevis. These witnesses include several employees and executives involved in plaintiffs' investments or the management of defendants' various entities. Because "a significant number of [the defendants'] witnesses [were] outside the compulsory process of [the] [c]ourt," the district court concluded that the private interests "weigh[ed] heavily in favor of Defendants." In light of the substantial number of Bahamian or Nevis witnesses, we agree that the defendants met their burden to demonstrate private inconvenience, *see Otto Candies, LLC*, 963 F.3d at 1347, and the district court did not err by weighing this factor in favor of dismissal, *see Tazoe*, 631 F.3d at 1331–32.

Plaintiffs' arguments to the contrary fail. First, plaintiffs argue that defendants' proffered witnesses were too attenuated or not "essential" enough to this dispute to rebut the presumption in favor of plaintiffs' chosen forum. But under our precedent, defendants' affidavit sufficed to rebut the presumption in favor of plaintiffs' forum choice, and we must give weight to defendants' ability to defend the case as they see fit. *See Otto Candies, LLC*, 963 F.3d at 1347; *Piper Aircraft Co.*, 454 U.S. at 257–58; *Tazoe*, 631 F.3d at 1331–32.

Second, plaintiffs argue that obtaining Mart's and McPike's testimony, the testimony of two other U.S.-based witnesses, and relevant documents and records would be just as easy in the United States as in the Bahamas or Nevis. The district court, however, properly considered U.S.-based witnesses and records but found such evidence was outweighed by the "significant number of witnesses" who were outside the district court's compulsory processes. We must accord "substantial deference" to that balance. *Piper Aircraft Co.*, 454 U.S. at 257.

Finally, plaintiffs cite Mart's affidavit and argue that the potential testimony of Mart's U.S.-based attorneys weighs against dismissal. Mart, however, averred that his attorneys may be relevant witnesses only to the extent they communicated with McPike's representative "about the required due diligence"; thus, any relevant evidence is already available to plaintiffs. Accordingly, the district court did not abuse its discretion by finding that the private interests weigh in favor of dismissal.

B.    *The district court did not err by finding that the public interests weigh in favor of dismissal*

The public interests "pertain to the relative interests of the two fora" and include "court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; . . . [and] the application of foreign law." *Tazoe*, 631 F.3d at 1333 (quoting *Piper Aircraft Co.*, 454 U.S. at 241 n.6); *see Otto Candies, LLC*, 963 F.3d at 1338. We have

emphasized that "a sovereign has a very strong interest when its citizens are allegedly victims and the injury occurs on home soil." *SME Racks*, 382 F.3d at 1104.

Again, the district court weighed all relevant facts before reasonably concluding this case should be dismissed. In support of dismissal, the district court noted that the Bahamas had an interest in deciding an alleged fraud claim that was (1) brought by McPike, a Bahamian citizen; (2) centered on a relationship formed in the Bahamas; (3) where many of the services Mart provided were formed; and (4) where McPike made or initiated his payments. The district court further noted that Nevis had an interest in deciding plaintiffs' claims because Nevis was where McPike's option was to be exercised and performed, and the claims were premised on plaintiffs' alleged entitlement to shares in a Nevis company. Moreover, the district court observed that foreign law applies to this dispute: "the Call Option Agreement at the heart of this case," which applies "to all matters arising out of or relating to this Call Option, whether sounding in contract, tort, or statute," is "governed by St. Kitts and Nevis law." (quotation omitted).

On the other hand, public interests weighing against dismissal included (1) plaintiffs' funds being sent to the United States; (2) Boies signing the Call Option Agreement in the United States; (3) the corporate defendants residing in the United States; and (4) plaintiffs' funds being used in the United States. The district court, however, noted that plaintiffs' funds being sent to the United States "occurred after the alleged inducement, negotiating, and

drafting of the Call Option Agreement in the Bahamas." Additionally, Boies signed the Call Option Agreement "on behalf of Luminastra Ltd., a Nevis corporation." (quotation omitted). Accordingly, the district court did not give much weight to the public interests weighing against dismissal. In light of the foreign plaintiffs in this case, the foreign injury, and the application of foreign law, the district court did not abuse its discretion by determining that "Bahamian and Nevis interests in this case outweigh the United States." *See SME Racks*, 382 F.3d at 1104.

Plaintiffs respond that the potential application of foreign law is of little or no importance in this case. Specifically, plaintiffs argue that the Call Option Agreement's choice-of-law clause does not apply to their fraud suit, and in any event, the Bahamian and Nevis law governing fraud and conspiracy claims is "not materially differ[ent]" from American law.

Again, plaintiffs' arguments fail. We have explained that choice-of-law provisions in contracts can encompass "related tort claims" if the provision "purports to govern 'all disputes' having a connection to the agreement and not just the agreement itself." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1162 (11th Cir. 2009). And here, the choice-of-law provision is that broad, and plaintiffs' claims are directly related to the Call Option Agreement, which memorialized defendants' allegedly fraudulent misrepresentations. Moreover, we have emphasized that "tort law (like all areas of the law) is rife with nuances that are not consistently found throughout all jurisdictions. Therefore, the foreign country is ordinarily the

best place to litigate a dispute revolving around a foreign rule of decision." *Ford*, 319 F.3d at 1310 n.24. Accordingly, the district court did not err by finding this interest weighed in favor of the Bahamas or Nevis.

Finally, plaintiffs argue that the district court ignored several American interests[5] in this case and failed to properly weigh those interests. The district court, however, explicitly considered the American interests that plaintiffs now highlight. At bottom, plaintiffs ask us to reweigh the private and public interests in this case differently from the district court. But our job is only to ensure that the district court "considered all relevant public and private interest factors" and that "its balancing of these factors is reasonable." *Piper Aircraft Co.*, 454 U.S. at 257. Having concluded that the district court considered the relevant interests and reasonably balanced them, we must afford the district court's decision "substantial deference." *Id.* Accordingly, we affirm.

### III.    Conclusion

For the foregoing reasons, the district court did not abuse its discretion by dismissing plaintiffs' complaint on the basis of *forum non conveniens*.

**AFFIRMED.**

---

[5] Specifically, plaintiffs argue that the United States has an interest in providing a forum for litigation wherein (1) plaintiffs' funds were allegedly sent to and used in the United States, and (2) some of the defendants were United States citizens or entities.